IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CORY LEE DAVIS, et al., ) | |
|     Plaintiffs, ) | |
| vs. ) | No. 3:19-CV-2866-B-BH |
| ) | |
| CITY OF DALLAS/DPD, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED with prejudice**.

## I.  BACKGROUND

On December 6, 2019, "Cory Lee Davis/God" (Plaintiff) sued the City of Dallas (City) and the Dallas Police Department (DPD), alleging that he had been the victim of police brutality and medical malpractice, received an unfair trial on multiple charges, and was forcibly medicated at Parkland Hospital and other hospitals. (*See* doc. 3 at 1, 4.)[2] As a result, he allegedly suffered short term memory loss, broken teeth, and a change in personality that was corrected through prayer and martial arts. (*See id.*)

In response to a questionnaire, Plaintiff repeated his allegations of police brutality, medical malpractice by staff in the Lew Sterrett jail, and false police reports and judgment, alleging that the events occurred in 2003, and from 2005 through 2017. (*See* doc. 9 at 2-5, 9.) He also added allegations that DPD had violated his freedom of speech and that company property was stolen, and clarified that an official City policy or custom had resulted in the violation of his constitutional

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

rights without identifying that policy. (*See* doc. 9 at 2-5, 9, 11.) Plaintiff alleges that he was charged with certain offenses as a result of the incidents of police brutality, and he expressly challenges his convictions for those offenses. (*See id.* at 5-6.) Despite being notified that DPD was not subject to suit, he persisted in suing DPD but also appeared to seek to sue unidentified officers (Officers) who arrested him on an unspecified date as well as "Dallas County Frank Crowely Judges and staff" (Judges and Staff). (*See id.* at 4, 9.) He also named an unidentified Parkland Hospital psychiatrist, Green Oaks Hospital, Timberlawn Hospital, Vernon State Hospital, Southwestern Medical Hospital, Terrell State Hospital, MetroCare, and one of MetroCare's doctors (Hospitals and Doctors) as defendants, alleging medical malpractice in October 2003, July 2012, and February 2, 2017. (*See id.* at 12-13.)

Plaintiff did not provide any specific case numbers for the charges or judgments he referenced in his questionnaire answers. According to Dallas County public records, he was charged in 2006 with felony check forgery and escape, and misdemeanor resisting arrest and resisting search, in Case Nos. F-0668391-W, F-0622445-W, MA0672159-J, and MA0678650-J, respectively. On April 23, 2008, he was convicted of terroristic threats in Case No. F-0850598-M, and received a 2-year probated sentence. On December 20, 2013, he was sentenced to three years' imprisonment in state custody for a 2009 aggravated assault causing serious bodily injury in Cause No. F-0961186-J; that same day, charges against him for misdemeanor assault in Case No. M01356793-G were dismissed. In 2015, Plaintiff was charged with possession of marijuana in Case No. M-1556591-C, but the charge was dismissed after he was deemed incompetent to stand trial, and he was court-ordered to receive in-patient mental health treatment at a state hospital. On February 16, 2017, Plaintiff pleaded guilty by judicial confession to a 2015 burglary of a habitation in Case No. F-

2

1571373-N, and received a deferred adjudication of two years' community supervision. He completed his term of community supervision, and the case was dismissed on February 28, 2019.

By this lawsuit, Plaintiff seeks hundreds of millions of dollars in damages; to have his picture on a new $15 dollar bill he has designed; to have the officers who arrested him and the whole DPD arrested and jailed, and to have their bank accounts frozen; to have the doctors and nurses who treated him arrested; and expungement of his convictions. (*See id.* at 2, 4-5, 7, 9-13.) No process has been issued.

## II.  PRELIMINARY SCREENING

Because he is proceeding *in forma pauperis*, Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. FEDERAL CLAIMS

Plaintiff's claims of police brutality, unfair trial, medication by force, and wrongful conduct by police officers appear to arise under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.**     <u>*Heck* **Bar**</u>

According to his questionnaire responses, Plaintiff's claims are based in part on prior convictions, which he seeks to challenge.[3] Any challenges to his prior convictions appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), however. It provides that a plaintiff who seeks to recover damages for an allegedly unconstitutional conviction, imprisonment, or other unlawful action that renders a conviction or sentence invalid, must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87. *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) and *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)). Because the issues in this case are appropriate for early and final determination, however,

---

[3] Plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

4

consideration of whether *Heck* bars some of Plaintiff's claims is not required. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

**B.    Statute of Limitations**

Courts "may raise the defense of limitations sua sponte." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit. *Id.; accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action," or "when

5

the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414. Plaintiff's causes of action accrued, and the limitations period began to run, when he knew or had reason to know of the injury that is the basis of his action.

Plaintiff's claims regarding an unfair trial on multiple charges accrued when he was convicted. He was last convicted on February 16, 2017 when he pleaded guilty in a 2015 burglary of a habitation case. His claims of police brutality and forced medication and/or medical malpractice in connection with his arrests accrued prior to that date. His questionnaire answers list the last date of the alleged medical malpractice as February 2, 2017. He alleges no facts to show that his claims accrued later. Because Plaintiff filed his complaint on December 6, 2019, more than two years after his claims accrued, they are barred by the statute of limitations absent equitable tolling.

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id*. "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with

6

federal policy." *FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights"). Equitable tolling is appropriate in cases where a plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

Plaintiff does not allege any basis for equitable tolling. He has not shown that he has diligently pursued his claims, and he has not shown extraordinary circumstances that warrant equitable tolling. A complaint that is barred by the statute of limitations is frivolous and fails to state a claim. *See Pantoja v. Fort Worth Texas Police Dep't*, 543 F. App'x 379, 379-80 (5th Cir. 2013) (affirming district court's dismissal of time-barred complaint as frivolous and for failure to state a claim).

### IV.  STATE LAW CLAIMS

Because Plaintiff alleges medical malpractice by several hospitals and doctors, his claims may also be liberally construed as arising under state law.

Under § 1367(a), federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In essence, § 1367(a) grants the courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the

7

federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. 3:15-CV-1162-D, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996).

When all federal claims are dismissed prior to trial, the general rule in this circuit is to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3). This rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiffs right."). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257. However, "no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

Here, the factors weigh in favor of retaining jurisdiction over Plaintiff's state law claims because they arise from the same "common nucleus of operative facts" as his federal claims. Requiring Plaintiff to litigate his claims in state court would "necessarily require consideration by two distinct courts of the same operative fact[s]" and the "same legal issues." *See McKee*, 2007 WL 2381246, at *4. Given that Plaintiff's claims are time-barred, allowing him to file suit in state court would impose unnecessary expenses on the court system and the parties involved. *See McCall v. Peters*, No. 3:00–CV–2247–D, 2003 WL 21488211, at *12 (N.D. Tex. May 12, 2003), *aff'd*, 108

8

F. App'x 862 (5th Cir. 2004) (in determining whether to exercise pendent or supplemental jurisdiction, the court may consider factors such as the amount of time and resources spent adjudicating the case). Because all three factors weigh in favor of retaining jurisdiction over Plaintiff's state law claims, the Court should exercise supplemental jurisdiction and review the claims on the merits.

Under the Texas Medical Liability Act, the statute of limitations for medical malpractice claims is two years. *See Smith v. Palafox,* 728 F. App'x 270, 275 (5th Cir. 2018) (citing Tex. Civ. Prac. & Rem. Code §§ 74.001(a)(13); 74.251(a)). As noted, Plaintiff's medical malpractice claims accrued at the latest on February 2, 2017, but he did not file suit until December 2019, so any state-law medical malpractice claims are also time-barred.

## V. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed by court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A pro se plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*,

9

188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff was sent a questionnaire to obtain more information about his claims, and his responses indicate that they are time-barred. They also appear to be based in part on a fantastical or delusional scenario, i.e., that he is God. Because he appears to have pled his best case, no further opportunity to amend is warranted.

## V.  RECOMMENDATION

Plaintiff's claims are time-barred and should be **DISMISSED with prejudice** as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED on this 30th day of September, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

10